**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO:**

CHARLES RITTMAN,

    Plaintiff(s),

    v.

DECADE PROPERTIES INC.,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES RITTMAN ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, DECADE PROPERTIES INC., on behalf of himself, and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime during the course of his employment by unlawfully misclassifying Plaintiff as an independent contractor.  This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Polk County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, was a Foreign Profit Corporation headquartered at 13555 Bishops Court, Suite 345, Brookfield, Wisconsin 53005 and licensed to transact business in Florida within the jurisdiction of this Honorable Court, and

operating in the State of Florida out of 1200 South Pine Island Road, Plantation, Florida 33324.

4.  Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5.   All acts and omissions giving rise to this dispute took place within Lakeland Florida, within the jurisdiction of this Honorable Court.

6.  Defendant regularly transacts business in Polk County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7.  Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8.  Defendant offers property management services in Wisconsin, Central Florida, and the Tampa Bay area.

9.  According to its own website, Defendant holds itself out to the community as offering the following services:

- Property Management and Fee Management
- Construction and Renovation
- Receiver of REO/Foreclosures
- Acquisitions/Sales and Financing Consulting

*See* https://decadeproperties.com/about-us/

10. Defendant employs individuals such as Plaintiff to perform maintenance and groundskeeping work on properties in Wisconsin, Central Florida, and the Tampa Bay area.

11. Plaintiff's work for Defendant was focused in Central Florida.

**FLSA COVERAGE**

12. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

13. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to: lawn mowers, gardening tools, lawn fertilizers, garbage bags, weed control treatments, mulch, pavers, soils, landscape fabrics, spades, shovels, planting tools, rakes, pitchforks, leaf blowers, garden hoes, and other tools necessary to perform maintenance and groundskeeping.

14. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

15. Upon information and belief, Defendant has grossed in excess of $500,000.00 in 2018, and is expected to gross in excess of $500,000.00 in 2019.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

17. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

18. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor. Defendant provided Plaintiff equipment and tools to perform work, Defendant provided and required Plaintiff and other similar employees to wear a uniform, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled him to work.

## PLAINTIFF'S WORK FOR DEFENDANT

19. On or about October 6, 2006, Defendant hired Plaintiff to perform maintenance and groundskeeping work on properties in Lakeland Florida, such as the Northtown Square Shopping Center.

20. After hiring Plaintiff, Defendant intentionally misclassified Plaintiff as an independent contractor so they could avoid having to pay federal taxes to the Internal Revenue Service ("IRS") and instead require Plaintiff to solely incur this tax penalty.

21. During his employment, Plaintiff regularly worked in excess of forty-five (45) hours per week but was not properly compensated in accordance with the FLSA for all of the overtime hours he worked.

22. Defendant advised Plaintiff he was to be paid at a regular hourly rate of fourteen dollars ($14.00) per hour.

23. Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of his employment.

24. As recently as July 2018, Defendant, through its Regional Manager, Wayne Shaw, acknowledged Plaintiff's employment status with Defendant in writing, and further acknowledged that Plaintiff was a "dedicated employee" with "good work ethic" who is "always on time" and performs his duties "efficiently and with a pleasant attitude."

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS

25. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 24 as though set forth fully herein.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

27. During the time period relevant to this lawsuit, Plaintiff worked an average of forty-five (45) hours per week.

28. Plaintiff was not properly compensated at a rate of time-and-one-half his regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

29. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

30. Plaintiff received a regular hourly rate of fourteen dollars ($14.00) per hour. However, Defendant failed to pay Plaintiff at his proper overtime rate of time-and-one-half his regular hourly rates for the five (5) hours of work Plaintiff performed in excess of forty (40) each week.

31. Instead, Defendant paid Plaintiff at his regular hourly rate for all hours he worked each week.

32. Accordingly, Plaintiff is entitled to overtime wages at the rate of seven dollars ($7.00) per hour for each hour worked over forty (40) in any given workweek.

33. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during his employment.

34. However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

36. Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, CHARLES RITTMAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, DECADE PROPERTIES INC., and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendant (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## COUNT II – VIOLATION OF *26 U.S.C. § 7434*

37. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 24 as though set forth fully herein.

38. During the time period in which Plaintiff was employed Defendant Plaintiff was improperly characterized as an independent contractor rather than an employee so that Defendant could intentionally avoid complying with Federal and state laws including, but not limited to the failure to pay Federal payroll taxes and state unemployment taxes.

39. Defendant willfully issued Plaintiff a 1099-MISC and filed accompany documents with the IRS during Plaintiff's employment even though the economic realities of the employment relationship demonstrate that Plaintiff was an employee of Defendant and **not** an independent contractor.

40. The 1099-MISC issued and filed by Defendant constitutes a fraudulent information.

41. Defendant willfully filed this fraudulent information return with respect to Plaintiff's compensation during his employment in bad faith in order to avoid the imposition of additional taxation to the company.

42. As a result of Defendant's conduct, Plaintiff has incurred additional taxes that should otherwise have been paid by Defendant.

43. Plaintiff is accordingly owed the greater of $5,000.00 or the sum of actual damages sustained by Defendant's unlawful conduct.

44. Plaintiff has retained the undersigned counsel to prosecute these claims and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHARLES RITTMAN, demands judgment against Defendant, DECADE PROPERTIES and respectfully requests that he be awarded the following relief: (a) damages to be paid by the Defendant; (b) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CHARLES RITTMAN, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of June, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Charles Rittman*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Stephanie@jordanrichardspllc.com
Jill@jordanrichardspllc.com
Mike@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 4, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: